# EXHIBIT "1"

# WALKER SETTLEMENT AGREEMENT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE ENGY GROUP, LLC, | § | Case No. 17-34848 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | § | |
| IN RE: | § | |
| | § | |
| FRANCOIS STANISLAS BELLON, | § | Case No. 17-34923 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | § | (Jointly Administered) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made as of the __ day of July, 2018, by and among, Francois Stanislas Bellon (the "Debtor") and William Vincent Walker ("Walker"). Each of the foregoing is a "Party" and they are collectively referred to hereinafter as "the Parties."

### A. Definitions

The following definitions are used in this Agreement together with additional defined terms as stated in the paragraphs below.

1. "Affiliates" of a natural person refers to and includes his or her past and present employees, agents, attorneys, legal representatives, spouses, heirs, executors, and administrators, and their predecessors, successors and assigns. "Affiliates" of an entity refers to and includes its past and present parents, subsidiaries and sister entities, and their respective past and present officers, directors, shareholders, partners, members, agents, employees, and those individuals' heirs, executors, administrators, successors and assigns.

2. "Bellon Bankruptcy Case" refers to Case No. 17-34923, styled In re Francois Stanislas Bellon, pending in the Bankruptcy Court.

3. "Bankruptcy Court" refers to the United States Bankruptcy Court for the Southern District of Texas, Houston Division presiding over the Bellon Bankruptcy Case.

4. "Claims" refers to and includes any and all claims, rights, demands, debts, liabilities, controversies, and causes of action of any and every character, and all damages arising from the Claims, whether known or unknown, asserted or unasserted, liquidated or unliquidated, accrued or unaccrued, matured or not yet matured, whether in contract or tort, whether arising by statute, under the common law, or in equity (including without limitation Claims for economic loss, lost profits, loss of capital, emotional distress, mental anguish, personal injuries, punitive damages, or future damages), or under any other theory, of any nature whatsoever, arising at any

time through and including the Effective Date of this Agreement, including but not limited to the claims, counterclaims, cross-actions and causes of action that were asserted or could have been asserted by the Parties.

5. "Confirmation Order" refers to the order entered by the Bankruptcy Court confirming the Plan and approving this Agreement.

6. "Engy" refers to The Engy Group, LLC.

7. "Engy Bankruptcy Case" refers to Case No. 17-34848, styled In re The Engy Group, LLC, pending in the Bankruptcy Court.

8. "Engy Parties" refers to Engy and all of its Affiliates, including Engy Southwest Container Products, Inc. The Engy Parties shall not include the Debtor or any of his Affiliates.

9. "Effective Date" means the date the Bankruptcy Court's order confirming the Plan and approving this fully executed Agreement is signed and entered by the Court.

10. "Estate" refers to the bankruptcy estate of the Debtor.

11. "Plan" refers to the Debtor Francois Stanislas Bellon's Combined Plan of Reorganization and Disclosure Statement filed at Docket No. 175 in the Bankruptcy Case and any amendments, modifications or supplements to such document.

12. "Walker Administrative Claim" refers to the Amended Application for Administrative Expense Claim filed by Walker at Docket No. 208 in the Bankruptcy Case (which amended and superseded Docket No. 207).

13. "Walker General Unsecured Claim" refers to Amended Claim No. 4 filed by Walker in the Bellon Bankruptcy Case.

### B. Agreements and Consideration

NOW THEREFORE, in consideration of the execution of this Agreement, the payments, recitals, mutual covenants, releases, promises, and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and with the intent to be legally bound hereby, the Parties agree as follows:

1. Global Settlement. The purpose of this Agreement is to effectuate a global settlement between and among the Parties that resolves all disputes, lawsuits, and controversies between them.

2. Rule 9019 Motion. The Plan shall serve as a Rule 9019 Motion and shall incorporate this Agreement as a Plan Supplement. Entry of the Confirmation Order shall constitute final approval by the Bankruptcy Court of this Agreement.

3. Walker Claims. Walker shall have an allowed claim in the amount of $900,000.00, (the "Walker Allowed Claim") which shall be paid as follows:

    3.1    The Debtor shall pay Walker $200,000.00 no later than August 16, 2018 (the "Initial Payment").

    3.2    The Debtor shall pay the remaining $700,000.00 balance of the Walker Allowed Claim within 90 days of the Effective Date (the "Final Payment").

    3.3    If the Debtor fails to timely pay either the Initial Payment or the Final Payment as set forth above, the total Walker Allowed Claim shall be increased to $1,050,000.00 and shall be immediately payable, after crediting any portion of the Initial Payment and Final Payment previously paid to Walker, on the 91st day after the Effective Date.

4. **Withdrawal of Walker Administrative Claim and Walker General Unsecured Claim.**

    4.1    Upon receipt of the initial $200,000.00 payment described in paragraph 3.1 above, Walker shall file a notice of withdrawal of the Walker Administrative Claim without prejudice (subject to the release set forth below upon final satisfaction of the Walker Allowed Claim).

    4.2    Upon receipt of the final $700,000.00 payment described in paragraph 3.2 above (i.e., upon receipt of total payments of $900,000.00) or, if applicable, the amounts owed pursuant to paragraph 3.3 above (i.e., upon receipt of total payments of $1,050,000.00 on or after the 91st day after the Effective Date), the Walker Allowed Claim shall be deemed fully satisfied, Walker shall file a notice of withdrawal of the Walker General Unsecured Claim and the releases herein shall be deemed effective.

    4.3    For the avoidance of doubt, if the payments required under paragraphs 3.1, 3.2 and, if applicable, 3.3 are not timely made, Walker may (at his option) (i) seek enforcement of the payment terms of this Agreement; and/or (ii) assert the full amount of the Walker Administrative Claim and the Walker General Unsecured Claim against the Debtor and, if applicable, his Affiliates.

### C. Releases

1. **Releases by Walker.**

    a.    Upon satisfaction of paragraph 3.1 above, *then, and only then,* the following release by Walker shall become effective:

        Walker hereby RELEASES, REMISES, CANCELS, ACQUITS and DISCHARGES the Engy Parties from and against any and all judgments, claims, demands and suits, known or unknown. The Parties acknowledge and agree that the Engy Parties are third-party beneficiaries of this release and the Parties will not amend or modify the release of the Engy Parties without the express written consent of the Engy Parties affected by such amendment or modification. Walker disclaims any rights to equity or ownership in any of the Engy Parties and

consents to dissolution of Texas Engy Drums as previously provided for in the Amended and Restated Binding Term Sheet approved by the Court.

b. Upon satisfaction of paragraph 3 above, *then, and only then,* the following release by Walker shall become effective:

Walker hereby RELEASES, REMISES, CANCELS, ACQUITS and DISCHARGES the Debtor, the Debtor's Estate and each of their present, former, and future Affiliates, predecessors, partners, agents, representatives, employees, servants, attorneys, heirs, executors, administrators, personal representatives, beneficiaries, legal representatives, trusts, trustees, subrogees, predecessors, successors and assigns, from and against any and all judgments, claims, demands and suits, known or unknown; *provided* that this release shall not release any Party from any obligations under this Agreement.

c. The release of the Engy Group parties is independent of the $700,000 payment described in section 3.2 and such release shall be effective immediately upon Walker's receipt of the $200,000 payment described in section 3.1. The Engy Group parties shall be released from any and all liability from Walker as described in section 1(a) regardless of whether the $700,000 payment is ever made

2. Release by the Debtor. Upon the Effective Date, the following release by the Debtor shall become effective:

The Debtor hereby RELEASES, REMISES, CANCELS, ACQUITS and DISCHARGES Walker and each of his present, former, and future Affiliates, agents, representatives, employees, servants, attorneys, heirs, executors, administrators, personal representatives, beneficiaries, legal representatives, trusts, trustees, subrogees, predecessors, successors and assigns, from and against any and all judgments, claims, demands and suits, known or unknown; *provided* that this release shall not release any of Party from any obligations under this Agreement.

3. General Release and Final Resolution of Claims. Except for the rights preserved in this Agreement, the releases contained herein are intended to be general releases of all Claims between and among the Parties. For purposes of clarity, the Parties intend that this Agreement finally resolves all matters, Claims, causes of action, and disputes between and among them, arising at any time through and including the Effective Date.

### D. Authority and Ownership of Claims

Each Party represents, covenants, and warrants that he/she/it has the full authority and capacity to sign and enter into this Agreement and to grant the releases set forth in this Agreement. Further, each Party represents that the individual signing this Agreement on his/her/its behalf is authorized to do so, and has the capacity to do so. Each Party represents and warrants that he/she/it owns the claims that are being released pursuant to this Agreement and

{851303/00310/01240980.DOCX 1 }  4
6730499v2

that the claims, suits, rights and/or interests which are the subject matter of this Agreement are owned by the Party asserting same, have not been assigned, transferred, sold, pledged, transferred, waived, released, abandoned and are free of encumbrance.

### E. Other Representations and Warranties

1. <u>Full and Final Settlement</u>. The Parties understand and agree that the agreements and consideration specified in this Agreement are in full settlement, satisfaction and compensation for all Claims, and that the Parties will not receive any further sums, money or consideration other than as stated in this Agreement.

2. <u>Disputed Claims</u>. The Parties understand that this is a compromise of disputed Claims, and that neither (1) the consideration provided for in this Agreement, (2) the entering into this Agreement, nor (3) any recital contained herein, shall be construed or interpreted as an admission by or on behalf of any Party.

### F. Successors and Assigns

This Agreement shall be binding upon and inure to the benefit of each of the Parties to this Agreement and their respective successors and assigns.

### G. Amendment

This Agreement may not be amended or otherwise changed except by an agreement in writing signed by each of the Parties to this Agreement.

### H. Complete Agreement

Subject to Bankruptcy Court approval, each Party to this Agreement acknowledges that this Agreement constitutes the full, final and complete settlement of their differences, and supersedes all other written or oral exchanges, arrangements, or negotiations between them concerning the subject matter of this Agreement, and each further acknowledges that there are no representations, agreements, arrangements, or understandings, oral or written, concerning the subject matter of this Agreement that are not fully expressed within this Agreement.

### I. Headings and Construction

Headings in this Agreement are for the convenience of the Parties and are not to be used in construing the Agreement. This Agreement shall not be construed or interpreted against any Party, either by having drafted this Agreement or otherwise, but shall be construed and interpreted as to give full effect to the promises and representations in this Agreement.

### J. Choice of Law

This contract shall be governed and construed in accordance with the laws of the State of Texas, excluding its choice-of-law principles, and all claims relating to or arising out of this Agreement, or the breach thereof, whether sounding in contract, tort or otherwise, shall likewise be governed by the laws of the State of Texas, excluding its choice-of-law principles.

### K. Choice of Forum

The parties stipulate and agree that Bankruptcy Court shall be the sole and exclusive jurisdiction for any and all lawsuits or other legal proceedings arising in connection with or relating to this Agreement, including but not limited to the validity, breach, enforcement or termination thereof. The parties hereby consent to the personal jurisdiction of the Bankruptcy Court exclusively for purposes of this Agreement and renounce all other jurisdictions for the adjudication of disputes arising out of or relating to this Agreement.

### L. Assignment and Transfer

Neither this Agreement, nor any interest herein, have been assigned or transferred or shall be assignable or transferred by any Party without the prior written consent of the other Parties, unless expressly provided for in writing above. This Agreement and the releases hereby granted are personal to the Parties hereto and are not intended to create any right in any person who is not a party to this Agreement.

### M. Costs

Each Party hereto shall bear all costs, expenses and attorneys' fees, which it incurred in connection with the Claims and releases all other parties from liability for the same other than if expressly provided for above.

**[The remainder of the page is intentionally left blank. Signatures on following page.]**

**FRANCOIS STANISLAS BELLON**

_____
By: Francois Stanislas Bellon
Date: July 17, 2018

**WILLIAM VINCENT WALKER**

_____
By: William Vincent Walker
Date: July ____, 2018